Filed 4/21/21  P. v. Alcala CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ALCALA,<br><br>Defendant and Appellant. | F079893<br><br>(Super. Ct. No. F14910527)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of  County.  James Kelley, Judge.

Sara E. Coppin, under appointment by the Court of Appeal, Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P.J., Smith, J. and Snauffer, J.

Appointed counsel for appellant Michael Alcala asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Alcala was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. This court did not receive a supplemental brief from him. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm.

## BACKGROUND

On September 12, 2018, Alcala was charged by amended information with voluntary manslaughter for the killing of Hector Erminio Bautista, Jr., (Pen. Code,[1] § 192, subd. (a), count 1), assault with a semiautomatic firearm upon Raymond Brown (§ 245, subd. (b), count 2), and being an accessory after the fact (§ 32/187, subd. (a), count 3). As to counts 1 and 2, the information further alleged Alcala personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)), and as to count 2, that he personally inflicted great bodily injury upon Brown (§ 12022.7, subd. (b)).

On September 12, 2018, Alcala entered a plea of no contest to voluntary manslaughter (§ 192, subd. (a)) and assault with a semiautomatic firearm (§ 245, subd. (b)). In addition, he admitted the personal firearm use enhancement (§ 12022.5, subd. (a)), and the enhancement for the personal infliction of great bodily injury (§ 12022.7, subd. (b)). As part of his plea agreement, Alcala waived his appellate rights.

On November 27, 2018, pursuant to the terms of his negotiated agreement, the trial court sentenced Alcala to an aggregate term of 26 years in state prison.

On August 29, 2019, following a hearing, the trial court ordered restitution in the amount $30,000. Alcala and his co-defendant were held jointly and severally liable for the restitution award.

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

On August 30, 2019, Alcala filed a timely notice of appeal from the trial court's order of restitution.

After reviewing the record, we find no arguable error on appeal that would result in a disposition more favorable to Alcala.

## **DISPOSITION**

The judgment is affirmed.